NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3340

ERNEST FOWLER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: February 9, 2006

_____

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON,

Circuit Judge.

PER CURIAM.

## DECISION

Ernest Fowler ("Fowler") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal on the basis of a settlement agreement.  Fowler v. U.S. Postal Serv., No. NY-0752-04-0292-I-1 (M.S.P.B. June 2, 2005).  Because we agree with the Board that Fowler entered into an enforceable oral settlement agreement providing that his appeal to the Board be dismissed, we affirm.

BACKGROUND

Fowler, an employee of the United States Postal Service ("USPS"), was reassigned from his position at the Flushing Installation in Queens, New York to the Breevort Station in Brooklyn, New York on May 17, 2003. Fowler apparently became depressed as a result of his transfer and, by his own admission, "did not show up to work for a year." On November 6, 2004, the USPS issued a notice proposing to remove Fowler from his position, effective January 9, 2004. He appealed the decision to the Board. As a result, Fowler and the USPS entered into a Last Chance Settlement Agreement ("Settlement Agreement I") on February 27, 2004, which provided that the USPS would return Fowler to his former position of sales and services associate at the Breevort Station and that the USPS would provide whatever training Fowler needed to perform the job.

On March 24, 2004, the USPS sent Fowler a letter noting his violations of Settlement Agreement I, including his failure to report for duty after being cleared medically and his failure to report for training on March 15, 2004. The letter directed Fowler to report for training on March 29, 2004 and indicated that his failure to report would result in his removal from the USPS. Fowler, however, failed to report for training on March 29, 2004 or inform management that he was unable to attend. On May 28, 2004, the USPS accordingly removed Fowler from his position of sales, service, and distribution associate at the Breevort Station for violation of Settlement Agreement I.

Fowler filed a timely appeal to the Board challenging his removal. On July 28, 2004, the USPS proposed a second settlement agreement ("Settlement Agreement II"), under which Fowler would withdraw his pending appeal to the Board, Fowler would

voluntarily resign his position at the USPS effective May 28, 2004, and the USPS would cancel the removal action. The USPS also agreed to provide neutral references to private employers with respect to Fowler's employment at the USPS. During a recorded telephonic prehearing conference with the Administrative Judge ("AJ") on July 28, 2004, Fowler indicated that he had not prepared any prehearing submissions because he intended to accept the USPS's offer of Settlement Agreement II. Following that conference, Fowler did not sign the proposed Settlement Agreement II or provide any further response. On August 5, 2004, the AJ conducted a second recorded telephonic prehearing conference during which the USPS and Fowler orally entered into Settlement Agreement II. On that same day, the AJ issued an initial decision dismissing Fowler's appeal on the basis of Settlement Agreement II. The AJ held that Settlement Agreement II was enforceable and dispositive of the appeal because it was voluntarily entered into, understood by the parties, and lawful on its face.

On September 8, 2004, Fowler petitioned for review by the full Board, arguing that his transfer from Flushing Installation in Queens, New York to Breevort Station in Brooklyn, New York was illegal and never should have taken effect. The Board denied Fowler's petition for review on June 2, 2005, making the initial decision of the AJ the final decision of the Board. See 5 C.F.R. § 1201.113 (2005). Fowler timely appealed to this court and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Fowler argues that his transfer from Flushing Installation in Queens, New York to Breevort Station in Brooklyn, New York was involuntary. According to Fowler, he only signed Settlement Agreement I because the AJ told him that he would otherwise be fired or removed. Fowler contends that the Board erred by not taking the illegality of the transfer into account. He argues that he should be reinstated at the USPS and that he should be given back pay. In addition, Fowler asserts that the USPS did not honor the terms of Settlement Agreement II to provide neutral references because the USPS's reference form regarding Fowler's termination stated that he "resigned – in lieu of removal."

The government responds that it is irrelevant whether Fowler properly raised the validity of Settlement Agreement I because Fowler already agreed, as part of Settlement Agreement II, to settle this appeal and because Fowler does not contend that Settlement Agreement II was involuntary. The government also argues that the legality of Fowler's transfer from Flushing Installation in Queens, New York to Breevort Station in Brooklyn, New York was never at issue in this case. According to the government, prior to the parties' consent to Settlement Agreement II, the only issue before the Board in this case was Fowler's removal for violation of Settlement Agreement I, not the enforceability of that agreement. The government points out that Fowler explicitly agreed to the transfer as part of Settlement Agreement I. In addition, the government asserts that Fowler has never challenged the validity of that agreement

or argued that he complied with its terms. Further, the government contends that even if Fowler's appeal had directly challenged the transfer, such an appeal would be outside the Board's jurisdiction because allegations of a reassignment without a change in grade or pay do not provide a basis for MSPB jurisdiction.

We agree with the government that the Board properly decided that Fowler's appeal should be dismissed on the basis of Settlement Agreement II. Under the terms of that Agreement, Fowler released the USPS from all claims arising out of his removal and agreed to withdraw his appeal to the Board. Irrespective of the merits of Fowler's appeal to the Board, i.e., whether Fowler's removal for violations of Settlement Agreement I was proper, the sole issue before us is whether the Board was correct in holding that Settlement Agreement II was enforceable. Because Fowler does not challenge the validity of Settlement Agreement II or contend that his oral agreement to Settlement Agreement II was involuntary, we see no error in the Board's decision. Moreover, we cannot review the allegation that Fowler's transfer was illegal because that issue was not raised before the Board in this case. Indeed, Fowler raised and had the opportunity to pursue that issue in his first appeal to the Board, which resulted in Settlement Agreement I. However, the present appeal only concerns Settlement Agreement II. Fowler's allegation of an illegal transfer in a prior action does not call into question the enforceability of Settlement Agreement II in this appeal. In addition, as to Fowler's claim, raised in his reply brief, that the agency has not complied with its agreement to provide "neutral references," that issue could only be raised in an action to enforce Settlement Agreement II and is not properly before us in this challenge to the Board's dismissal of his appeal pursuant to Settlement Agreement II.

We therefore affirm the decision of the Board dismissing Fowler's appeal on the basis of Settlement Agreement II.